# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT SCOTT MATTINGLEY,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00638 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **BOBBY RUSSELL, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |
| ) | |

*Robert Scott Mattingley, Pro Se Plaintiff.*

The plaintiff, Robert Scott Mattingley, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated. The court's initial Order in the case, ECF No. 5, notified Mattingley of his responsibility to keep the court apprised of his current mailing address if he was transferred to a different jail or released. The Order warned him that failure to comply with this requirement would result in dismissal of the action without prejudice.

On June 5, 2020, the defendants filed a Motion for Summary Judgment, ECF No. 27. On June 8, 2020, the court mailed a notice advising Mattingley that the court would give him twenty-one days to submit any further counter-affidavits or other

relevant evidence contradicting, explaining or avoiding the defendant's evidence before ruling on the summary judgment motion. The notice warned Mattingley:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleadings. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice, ECF No. 29.

The time allotted for Mattingley to respond to the defendants' motion has passed, and he has failed to comply with the described conditions or to otherwise communicate to the court. In addition, on June 23, 2020, the U.S. Postal Service returned as undeliverable the court's mailing of the Notice, ECF No. 29, that was directed to the most recent mailing address Mattingley had provided. The returned envelope indicated that no forwarding address was available. Based on Mattingley's failure to comply with the court's order regarding the need to update his mailing address and his failure to respond in a timely manner to the defendants' motion, the court will dismiss the action without prejudice for failure to prosecute. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d

339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

An appropriate Order will issue herewith.

DATED: July 7, 2020

/s/ JAMES P. JONES
United States District Judge